UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHALON EMPTAGE | : | CHAPTER 13 |
| Debtor | : | |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant | : | |
| vs. | : | |
| SHALON EMPTAGE | : | |
| Respondent | : | CASE NO. **1:26-bk-00852-HWV** |

**MOTION TO DISMISS CASE FOR FAILURE TO FILE 2022 PERSONAL INCOME TAX RETURN WITH THE INTERNAL REVENUE SERVICE**

AND NOW, this 23rd day of September 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, Standing Chapter 13 Trustee for the Middle District of Pennsylvania, by and through his attorney Douglas R. Roeder, Esquire, and hereby moves this Honorable Court for dismissal of the above-captioned Chapter 13 bankruptcy case in accordance with § 1307(e) due to failure to file personal income tax return with the Internal Revenue Service for tax year 2022. In support of this Motion, Trustee states as follows:

1. On or about March 31, 2026, Debtor filed this case in the Middle District of Pennsylvania. (ECF Doc. 1).

2. Pursuant to § 1308(a),

> Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

3. Pursuant to § 1308(b),

> (1) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open the meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond—
>
> > (A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or…

4. The Trustee held open the § 341 Meeting of Creditors from May 14, 2026, to June 25, 2026, to September 10, 2026, and finally to September 24, 2026.

5. Trustee believes, and therefore avers, that Debtor's personal income tax return for tax year 2022 was not filed before the date of the creditor's meetings (*see* Proof of Claim #1-2).

6. Pursuant to § 1307(e), "Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate."

7. Accordingly, Movant respectfully requests that this Honorable Court dismiss this case in accordance with § 1307(e).

[*The remainder of this page left intentionally blank.*]

WHEREFORE, Movant respectfully requests this Honorable Court to dismiss this case in accordance with § 1307(e) and grant any further relief this Honorable Court deems just and proper.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHALON EMPTAGE | : | CHAPTER 13 |
| Debtor | : | |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant | : | |
| vs. | : | |
| SHALON EMPTAGE | : | |
| Respondent | : | CASE NO. **1:26-bk-00852-HWV** |

**NOTICE**

NOTICE IS HEREBY GIVEN that Jack N. Zaharopoulos, Standing Chapter 13 Trustee for the Middle District of Pennsylvania filed a Motion to Dismiss on September 23, 2026.

If you object to the relief requested, you must file your objection/response on or before **October 14, 2026**, with the Clerk of Bankruptcy Court, Sylvia H. Rambo U.S. Courthouse, 1501 N. 6th St., Harrisburg, PA 17102 and serve a copy on the Trustee and/or the United States Trustee.

A hearing has been scheduled for **October 21, 2026, at 9:35 a.m. at Sylvia H. Rambo U.S. Courthouse, 1501 N. 6th St., Harrisburg, PA 17102**, and will be held regardless of any objections or responses having been filed.

Respectfully submitted,

Date: September 23, 2026

/s/ Douglas R. Roeder, Esquire

Attorney ID: 80016
Attorney for Trustee
Jack N. Zaharopoulos,
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
Phone: (717) 566-6097
Email: droeder@pamd13trustee.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SHALON EMPTAGE | : CHAPTER 13 |
| Debtor | : |
| JACK N. ZAHAROPOULOS STANDING CHAPTER 13 TRUSTEE | : |
| Movant | : |
| vs. | : |
| SHALON EMPTAGE | : |
| Respondent | : CASE NO. **1:26-bk-00852-HWV** |

**CERTIFICATE OF SERVICE**

I certify that I am more than 18 years of age and that on September 23, 2026, I served a copy of this Motion to Dismiss, Notice, and Proposed Order on the following parties from Hummelstown, PA, unless served electronically:

SERVED ELECTRONICALLY

United States Trustee
1501 North 6th Street
P.O. Box 302
Harrisburg, PA 17102

Brad J. Sadek
Sadek Law Offices, LLC
1500 JFK Boulevard
Suite 220
Philadelphia, PA 19102

SERVED BY FIRST CLASS MAIL

Shalon Emptage
755 Kentwell Drive
York, PA 17406

I certify under penalty of perjury that the foregoing is true and correct.

Date: September 23, 2026

/s/ Tanya M. Scannelli, Paralegal
Office of the Standing Chapter 13 Trustee
Jack N. Zaharopoulos
8125 Adams Drive, Suite A
Hummelstown, PA 17036
Phone: (717) 566-6097
Email: info@pamd13trustee.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHALON EMPTAGE | : | CHAPTER 13 |
| Debtor | : | |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant | : | |
| vs. | : | |
| SHALON EMPTAGE | : | |
| Respondent | : | CASE NO. **1:26-bk-00852-HWV** |

**<u>ORDER DISMISSING CASE</u>**

Upon consideration of the Trustee's Motion to Dismiss, it is hereby ORDERED that the above-captioned bankruptcy be and hereby is DISMISSED.